MORGAN, LEWIS & BOCKIUS LLP
Ali Razai, Bar No. 246922
ali.razai@morganlewis.com
Brandon G. Smith, Bar No. 307676
brandon.g.smith@morganlewis.com
600 Anton Boulevard
Suite 1800
Costa Mesa, CA  92626-7653
Tel:   +1.714.830.0600
Fax:  +1.714.830.0700

Attorneys for Plaintiff
PERFORMANCE DESIGNED
PRODUCTS LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| PERFORMANCE DESIGNED PRODUCTS LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>OKYN HOLDINGS, INC. d/b/a NYKO TECHNOLOGIES,<br><br>  Defendant. | Case No. **'25CV1360 RBM JLB**<br><br>**COMPLAINT** |

COMPLAINT

Plaintiff Performance Designed Products LLC ("PDP" or "Plaintiff"), by and through its undersigned counsel, file this Complaint for Declaratory Judgment of Non-Infringement against Defendant OKYN Holdings, Inc. d/b/a NYKO Technologies ("Nyko" or "Defendant"), and alleges as follows:

1. PDP seeks a declaration of non-infringement of U.S. Patent Nos. 8,143,848 (the "'848 patent"); 8,536,832 (the "'832 patent"); 9,705,344 (the "'344 patent"); and 9,174,121 (the "'121 patent") (collectively the "Patents-in-Suit"). PDP requests this relief because Defendant has made it clear through correspondence and discussions with PDP that there is a clear and justiciable controversy regarding PDP's alleged infringement of the Patents-in-Suit.

## PARTIES

2. PDP is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 4821 Viewridge Ave, San Diego, California 92123.

3. Nyko is a corporation existing under the laws of the State of California, with its principal place of business located at 1642 Westwood Blvd, Third Floor, Westwood, California 90024.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and under the patent laws of the United States, 35 U.S.C. § 1 et seq.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1131, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States

6. This Court has personal jurisdiction over Defendant because Defendant is an entity organized under the laws of California that conducts business in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the acts that give rise to this suit occurred in this District

1  and because Defendant resides in this District. For example, PDP is informed and
2  believes and based thereon alleges that Defendant sells products in this judicial
3  district that Defendant contends are covered by the patents-in-suit. Additionally,
4  Defendant addressed a cease-and-desist letter to PDP in this judicial district asserting
5  infringement of the Patents-in-Suit.

## FACTUAL BACKGROUND

7  8. PDP was founded in 1990. It has since grown to become one of the
8  world's best-known providers of third-party gaming peripherals, such as controllers,
9  headsets, and accessories.

10  9. PDP is a preferred partner for each of the major gaming console
11  providers, including Nintendo (Switch), Microsoft (X-Box), and Sony (PlayStation).

12  10. PDP's products are available worldwide through numerous different
13  retailers and PDP's website.

14  11. Over a decade ago, Nyko sued PDP and one of its partners for
15  infringement of certain claims of the '848 patent. *See NYKO Techs., Inc. v. Energizer*
16  *Holdings, Inc. et al.*, 2-12-cv-03001 (C.D. Cal.) ("Energizing Holdings Litigation").
17  In that litigation, every asserted claim was invalidated on summary judgment based
18  on Nyko's own public disclosure and use of the allegedly patented invention. The
19  Federal Circuit affirmed the lower court's finding of invalidity.

20  12. On October 31, 2024, Defendant sent PDP a letter accusing PDP's Ultra
21  Slim Charge System for PlayStation 4 (the "Accused Product") of infringing certain
22  claims of each of the Patents-in-Suit. A copy of that October 31, 2024, letter is
23  attached hereto as Exhibit 5.

24  13. The parties, through their counsel, corresponded for several months
25  after Nyko's October 31 letter. Copies of the parties' correspondence dated between
26  October 31, 2024, and May 28, 2025 are attached as Exhibit 6. On May 28, 2025,
27  the parties mediated their dispute before Judge Otero (Ret.) in Los Angeles.
28  However, the parties unambiguously ended negotiations without any resolution to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2

COMPLAINT

their dispute.

14. In pre-mediation correspondence, Nyko repeatedly threatened filing an action for patent infringement, but repeatedly failed to file any action. For example, Nyko repeatedly indicated that if PDP did not respond by certain deadlines, Nyko would file a complaint for patent infringement. However, Nyko did not file any complaint for patent infringement.

15. As shown below, the Accused Product is a charging dock for the PlayStation 4 gaming console.



## THE PATENTS-IN-SUIT

16. On March 27, 2012, the United States Patent and Trademark Office ("USPTO") issued the '848 patent, which is entitled "Video Game Controller Charging System Having a Docking Structure." A copy of the '848 patent is attached hereto as Exhibit 1.

17. PDP is informed and believes and based thereon alleges that Nyko is the owner by assignment of the '848 patent.

18. The '848 patent expires in October 2026.

19. Multiple claims of the '848 patent were invalidated by the United States District Court for the Central District of California on summary judgment in the Energizer Holdings Litigation, including claim 1 and the claims that depend therefrom that were asserted in the Energizer Holdings Litigation.

/ / /

20. On September 17, 2013, the USPTO issued the '832 patent, which is entitled "Video Game Controller Charging System Having a Docking a Structure." – A copy of the '832 patent is attached hereto as Exhibit 2

21. The '832 patent purports to be a continuation of the '848 patent.

22. PDP is informed and believes and based thereon alleges that Nyko is the owner by assignment of the '832 patent.

23. The '832 patent expires in October 2026.

24. On November 3, 2015, the USPTO issued the '121 patent, which is entitled "Video Game Controller Charging System Having a Docking Structure." A copy of the 121 patent is attached hereto as Exhibit 4.

25. The '121 patent claims priority to, among other patents, the '848 patent and the '832 patent.

26. PDP is informed and believes and based thereon alleges that Nyko is the owner by assignment of the '121 patent.

27. The '121 patent expires in October 2026.

28. On July 11, 2017, the USPTO issued the '344 patent, which is entitled "Video Game Controller Charging System Having a Docking Structure." A copy of the '344 patent is attached hereto as Exhibit 3

29. The '344 patent purports to be a continuation of the '121 patent, and claims priority to, among other patents, the '848 patent.

30. PDP is informed and believes and based thereon alleges that Nyko is the owner by assignment of the '344 patent.

31. The '344 patent expires in October 2026.

## COUNT I

### (Non-infringement of the '848 Patent)

32. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-31 above.

/ / /

33. Nyko has alleged and continues to allege that the products made, used, or sold by PDP are covered by the claims of the '848 patent.

34. Thus, there is an actual, justiciable, substantial, and immediate controversy between PDP and Nyko regarding whether PDP infringes any claim of the '848 patent.

35. PDP does not infringe claim 25 of the '848 patent or any claims that depend therefrom.  For example, the Accused Product does not include: "A video game controller charging system for charging a plurality of video game controllers using externally supplied power, the video game controller charging system comprising: a base; at least one structure on the base for providing physical support to the plurality of video game controllers while the plurality of video game controllers are being charged; and a plurality of DC ports on the base, each of the DC ports configured to couple to and provide DC power to a power input port of a respective one of the plurality of video game controllers, wherein the at least one structure on the base comprises a plurality of docking bays open in a first direction and configured to receive respective ones of the plurality of video game controllers from the first direction, and wherein the at least one structure on the base further comprises a plurality of pairs of opposite surfaces, each pair of surfaces defining a respective docking bay of the plurality of docking hays each of the DC ports being on the base between a respective one of the pairs of surfaces," as that term would be properly construed.

36. As another example, the Accused Product does not include "a plurality of video game controllers."

37. Therefore, the manufacture, use, sale, offer for sale, and/or importation of the Accused Product, does not infringe at least claim 25 of the '848 patent.

38. PDP is entitled to a judicial determination that the manufacture, use, sale, offer for sale, and/or importation of the Accused Product, does not and will not infringe any valid and/or enforceable claim of the '848 patent.

# COUNT II

## (Non-infringement of the '832 Patent)

39. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-31 above.

40. Nyko has alleged and continues to allege that the products made, used, or sold by PDP are covered by the claims of the '832 patent.

41. Thus, there is an actual, justiciable, substantial, and immediate controversy between PDP and Nyko regarding whether PDP infringes any claim of the '832 patent.

42. PDP does not infringe claim 1 of the '832 patent or any claims that depend therefrom. For example, the Accused Product does not include: "A video game controller charging system for charging a video game controller having a power input port, the video game controller charging system comprising: a base comprising at least one electrical contact, and a power input for connection to a power supply, the power input being electrically coupled to the at least one electrical contact; and an adapter comprising a connector configured to couple to the power input port of the video game controller, the adapter further comprising at least one electrical lead, herein the adapter is physically mountable on the video game controller when the connector is coupled to the power input port, and wherein the base further comprises at least one structure defining a docking bay configured to receive the video game controller having the adapter mounted thereon such that the at least one electrical lead of the adapter contacts the at least one electrical contact of the base," as that term would be properly construed.

43. As another example, the Accused Product does not include "a video game controller."

44. Therefore, the manufacture, use, sale, offer for sale, and/or importation of the Accused Product, does not infringe at least claim 1 of the '832 patent.

45. PDP is entitled to a judicial determination that the manufacture, use,

1  sale, offer for sale, and/or importation of the Accused Product, does not and will not
2  infringe any valid and/or enforceable claim of the '832 patent.

## COUNT III

### (Non-infringement of the '344 Patent)

46. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-31 above.

47. Nyko has alleged and continues to allege that the products made, used, or sold by PDP are covered by the claims of the '344 patent.

48. Thus, there is an actual, justiciable, substantial, and immediate controversy between PDP and Nyko regarding whether PDP infringes any claim of the '344 patent.

49. PDP does not infringe claim 1 of the '344 patent or any claims that depend therefrom. For example, the Accused Product does not include: "A video game controller charging system for charging at least one video game controller, each having a female power input receptacle, the video game controller charging system comprising: a base including at least one recess and at least one electrical contact in each of the at least one recess; a single power input interface; at least one adapter, each comprising at least one electrical lead and being receivable in a respective one of the at least one recess such that the at least one electrical lead contacts the at least one electrical contact in the respective recess; and at least one male DC port electrically coupleable to the single power input interface, each of the at least one male DC port being disposed on a respective adapter of the at least one adapter and being configured to electrically and mechanically couple to the female power input receptacle of a respective one of the at least one video game controller to provide DC power to the female power input receptacle without the use of an external or retractable cable when the respective, adapter is received in the respective recess, and such that the adapter may remain attached to the video game controller when the

video game controller is in use during operation of a video game," as that term would be properly construed.

50. As another example, the Accused Product does not include "at least one video game controller."

51. Therefore, the manufacture, use, sale, offer for sale, and/or importation of the Accused Product, does not infringe at least claim 1 of the '344 patent.

52. PDP is entitled to a judicial determination that the manufacture, use, sale, offer for sale, and/or importation of the Accused Product, does not and will not infringe any valid and/or enforceable claim of the '344 patent.

## COUNT IV

### (Non-infringement of the '121 Patent)

53. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-31 above.

54. Nyko has alleged and continues to allege that the products made, used, or sold by PDP are covered by the claims of the '121 patent.

55. Thus, there is an actual, justiciable, substantial, and immediate controversy between PDP and Nyko regarding whether PDP infringes any claim of the '121 patent.

56. PDP does not infringe claim 1 of the '121 patent or any claims that depend therefrom. For example, the Accused Product does not include: "A video game controller charging system for charging a plurality of video game controllers, each having a female power input receptacle, the video game controller charging system comprising: a base having a plurality of recesses; a plurality of substantially protruding male DC ports, each of the DC ports being electrically coupleable to a single power input interface and configured to plug into and provide DC power to the female power input receptacle of a respective one of the plurality of video game controllers without the use of an external or retractable cable; and a plurality of intervening portions, each being receivable in a respective one of the recesses to

electrically couple a respective one of the DC ports to the single power input interface, wherein each of the intervening portions comprises an adapter configured to mount and remain attached to a respective one of the video game controllers when the respective one of the video game controllers is in use during operation of a video game, wherein the single power input interface is spaced apart from the recesses; and wherein the video game controller charging system is configured to concurrently charge the plurality of video game controllers when the intervening portions are received in the recesses," as that term would be properly construed.

57. As another example, the Accused Product does not include "a plurality of video game controllers."

58. Therefore, the manufacture, use, sale, offer for sale, and/or importation of the Accused Product, does not infringe at least claim 1 of the '121 patent.

59. PDP is entitled to a judicial determination that the manufacture, use, sale, offer for sale, and/or importation of the Accused Product, does not and will not infringe any valid and/or enforceable claim of the '121 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, PDP respectfully prays for the following relief:

A. That a judgment be entered declaring that PDP has not, and does not infringe any claim of United States Patent Nos. 8,143,848; 8,536,832; 9,705,344; and 9,174,121.

B. That a judgment be entered that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that PDP is therefore entitled to recover its reasonable attorneys' fees upon prevailing in this action;

C. That PDP be awarded costs, attorneys' fees and other relief, both legal and equitable, to which it may be justly entitled; and

D. That PDP be awarded such other and further relief as is just and proper.

/ / /

Dated: May 28, 2025

MORGAN, LEWIS & BOCKIUS LLP
Ali Razai
Brandon G. Smith


By: */s/ Ali Razai*
　　Ali Razai

Attorneys for Plaintiff
PERFORMANCE DESIGNED PRODUCTS LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA