**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERFORMANCE DESIGNED PRODUCTS LLC,<br>Plaintiff,<br>v.<br>OKYN HOLDINGS, INC., doing business as Nyko Technologies,<br>Defendant. | Case No.: 3:25-cv-01360-RBM-JLB<br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**[Doc. 20]** |

The present action involves two consolidated patent cases. In one, Performance Designed Products, LLC ("Plaintiff" or "PDP") seeks a declaration of non-infringement. (*See* Doc. 48 at 2.) In the other, OKYN Holdings, Inc. ("Defendant" or "Nyko") asserts claims of patent infringement. (*See id.* at 3.) Both concern the same four patents: U.S. Patent Nos. 8,143,848 ("the '848 Patent"); 8,536,832 ("the '832 Patent"); 9,705,344 ("the '344 Patent"); and 9,174,121 ("the '121 Patent") (collectively, "the Asserted Patents").

Presently before the Court is PDP's Motion for Judgment on the Pleadings ("Rule 12(c) Motion"). (Doc. 20.) Nyko filed an Opposition to Plaintiff's Motion for Judgment on the Pleadings (Doc. 26), and PDP filed a Reply in Support of its Motion (Doc. 27). The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the pleadings above, and for the reasons below, PDP's Rule 12(c) Motion is <u>**DENIED**</u>.

# I. BACKGROUND

## A. Parties

Nyko is the owner of the Asserted Patents. (Doc. 53 ("Nyko Compl.) ¶¶ 9–12.) Each of the Asserted Patents relates to "charging systems for consumer electronics devices, and more particularly to charging systems for hand-held video game controllers." (*See* Doc. 1-2 at 27.) The Asserted Patents are "charging station[s] capable of charging multiple video game controllers simultaneously." *NYKO Techs. v. Energizer Holdings Inc.*, Case No. CV 12-3001 GAF (VBKx), 2013 WL 11232100, at *2 (C.D. Cal. Oct. 22, 2013). PDP provides "third-party gaming peripherals, such as controllers, headsets, and accessories," and "is a preferred partner for each of the major gaming console providers, including Nintendo (Switch), Microsoft (X-Box), and Sony (PlayStation)." (Doc. 1 ¶¶ 8–9.) Nyko alleges that PDP infringed certain claims of each of the Asserted Patents through PDP's "Ultra Slim Charge System for PlayStation 4" ("the Accused Product"), which is a charging dock for the PlayStation 4 gaming console. (Nyko Compl. ¶ 17.)

## B. Factual Background[1]

In 2012, Nyko filed a patent infringement lawsuit against PDP in the Central District of California ("the Prior Action"), asserting infringement of several claims of the '848 Patent. *See Energizer Holdings*, 2013 WL 11232100, at *1. Those claims are not at issue in the present action. *See id.* In August 2013, PDP and Nyko were discussing potential settlement, and Nyko "specifically demanded that PDP not make or sell the 'adapter embodiment'—an embodiment that is recited in all the asserted claims of each of the Asserted Patents." (Nyko Compl. ¶ 15.) The Parties also discussed "the '848 patent family, which included the '832 Patent—a child application of the '848 Patent—that was published and subsequently issued at the time of the discussion." (*Id.*)

---

[1] The factual summary in this section reflects the non-movant's allegations, not conclusions of fact or law by this Court. Well-pled factual allegations are accepted as true for purposes of a Rule 12(c) motion. *See infra* Section II.

All the Asserted Patents were issued before PDP launched the Accused Product in or around 2019. (*Id.* ¶ 18.) Additionally, before PDP launched the Accused Product, the Nyko CEO met the PDP CEO at a tradeshow and "specifically demanded that PDP not make or sell any video game chargers that would infringe" Nyko's patents. (*Id.* ¶ 19.) "In response, [PDP's CEO] . . . told [Nyko's CEO] that nothing will stop PDP from selling the Accused Product and [Nyko] will just have to do what it needs to do." (*Id.*) PDP then launched the Accused Product, which included an "adapter." (*Id.*) PDP's marketing materials from around this time "include[ ] its analysis of competitors' products and patents in connection with the Accused Product, including [Nyko's] patents and [Nyko's] products that practice the claims of the Asserted Patents." (*Id.* ¶ 21.) In these materials, PDP "specifically noted the existence of [Nyko's] multiple patents covering its adapter embodiment." (*Id.*)

On October 31, 2024, Nyko sent a cease-and-desist letter ("the Letter") to PDP, "specifically alleging that the Accused Product infringes the claims of the Asserted Patents and demanding that [PDP] cease their infringing conduct." (*Id.* ¶ 29.)

## II. <u>LEGAL STANDARD</u>

Rule 12(c) allows parties to move for judgment on the pleadings after the pleadings have been closed but prior to trial, and "within such time as not to delay the trial." Fed. R. Civ. P. 12(c). The standard for determining a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053, 1054 n.4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule.") (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A court must not consider matters beyond the pleadings; otherwise, such a proceeding must

properly be treated as a motion for summary judgment. *Id.*; *see also Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011) ("Judgment on the pleadings is limited to material included in the pleadings . . . [o]therwise, the proceeding is converted to summary judgment.") (citations omitted).

## III. <u>DISCUSSION</u>

PDP claims that "Nyko's allegations that [PDP] has indirectly and willfully infringed [the Asserted Patents] before PDP received [the Letter] fail as a matter of law." (Doc. 20 at 5.) Specifically, PDP argues that neither (1) Nyko's patent marking nor (2) Nyko and PDP's previous litigation "concerning a *different* patent in the same family" are sufficient to establish PDP's actual knowledge for indirect or willful infringement claims. (*Id.* (emphasis in original).) PDP also claims that, because "video game controller" is a limitation of every claim, and because Nyko does not plead infringement of that limitation, PDP is entitled to judgment as a matter of law. (*Id.*)

Nyko argues that PDP either (1) had actual knowledge—via the previous litigation or Nyko's marking—of the Asserted Patents before the Letter or (2) willfully blinded itself to knowledge of the Asserted Patents. (Doc. 26 at 18–21.) Nyko also argues it "is not required to show that the Accused Product includes 'a video game controller,' only that it is capable of operating in such an environment." (*Id.* at 17.)

### A. Video Game Controller

The Court thoroughly analyzed the relevant scope of "video game controller" in its Claim Construction Order (*see* Doc. 79 at 16–21) after considering the Parties' briefs (*see* Docs. 39–40, 43–44) and oral arguments (*see* Doc. 66 at 31:13–45:2, 52:12–53:21). In its Claim Construction Order, the Court concluded "that 'video game controller' is a limitation of the claimed environment, *not* the claimed invention." (Doc. 79 at 21 (emphasis added).) The Court incorporates its reasoning from its Claim Construction Order here and **<u>DENIES</u>** PDP's Rule 12(c) motion to the extent it seeks judgment because the Accused Product does not include a "video game controller." The Court turns next to whether Nyko adequately pled that PDP had knowledge of the Asserted Patents.

**B. Knowledge**

As relevant here, claims of indirect or willful infringement require a showing that the accused infringer had actual knowledge of the asserted patent, knowledge of the infringement, and specific intent to infringe. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766–68 (2011); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). Analyzing *Global-Tech* and *Commil*, the Federal Circuit has held that "willful blindness can satisfy the knowledge requirement . . . even in the absence of actual knowledge," and that knowledge "can be inferred from circumstantial evidence." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016). Furthermore, every appellate court to have articulated the doctrine of willful blindness "agree[s] on two basic requirements: (1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

PDP argues that it is entitled to judgment on the pleadings because Nyko "pled no facts plausibly alleging PDP's knowledge [of the Asserted Patents] before receiving the Letter." (Doc. 20 at 8.) The Court disagrees with PDP. At the Rule 12(c) stage, the Court finds that Nyko has "pleaded sufficient facts for the Court to *infer* that [PDP] had knowledge of [Nyko's] patents and that [the Accused Product] infringed on those patents." *See Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10CV677 JLS (MDD), 2012 WL 202664, at *4 (S.D. Cal. Jan. 23, 2012) (citation omitted) (emphasis in original).

PDP argues that "'[m]ere knowledge of a patent family or the plaintiff's patent portfolio is not enough'" to satisfy the indirect or willful infringement knowledge requirement. (Doc. 20 at 10 (quoting *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022)).) The Court agrees with that as a general proposition. *See also Zimmer Surgical, Inc. v. Stryker Corp.*, C.A. No. 16-679-RGA-MP, 2017 WL 1296026, at *5 (D. Del. Apr. 6, 2017) ("It is well-established that mere knowledge of one patent in a patent family . . . does not establish actual knowledge of a different patent in that family.")

(citations omitted), *report and recommendation adopted in part, rejected in part*, 2017 WL 3736750 (D. Del. Aug. 30, 2017). However, Nyko does not allege that PDP had knowledge of the Asserted Patents solely because the Parties had discussed the same patent family during the Prior Action. Rather, Nyko alleges that: (1) these prior discussions occurred; (2) the Nyko and PDP CEOs had a conversation about the patents allegedly underlying the Accused Product at a trade show; (3) Nyko had marked its products for over a decade in a small marketplace where PDP was one of its direct competitors; and (4) PDP prepared marketing materials that "specifically noted the existence of [Nyko's] multiple patents covering its adapter embodiment." (Nyko Compl. ¶¶ 15–21.)

Taken together, these allegations plausibly demonstrate that PDP either had actual knowledge of, or was willfully blind to knowledge of, the Asserted Patents. *See Weiland Sliding Doors*, 2012 WL 202664, at *4 (denying motion to dismiss induced infringement claim where the plaintiff alleged that they and the defendant were "competitors in the high-end sliding doors and windows market, bearing on the likelihood that [the defendant] had knowledge of existing patents in that industry, including [the plaintiff's]"); *ALS Scan, Inc. v. Cloudflare, Inc.*, Case No. CV 16-5051-GW (AFMx), 2018 WL 11350606, at *10–11 (C.D. Cal. Mar. 13, 2018) (denying motion for summary judgment on a contributory infringement claim, in part because actual knowledge is more appropriately determined by a jury). Accordingly, the Court also **DENIES** PDP's Rule 12(c) motion on actual knowledge grounds.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** PDP's Rule 12(c) Motion (Doc. 20).

**IT IS SO ORDERED.**

Dated: August 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE