UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PERFORMANCE DESIGNED PRODUCTS LLC,

Plaintiff,

v.

OKYN HOLDINGS, INC.,

Defendant.

Case No.: 25-cv-01360-RBM-JLB

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 4**

**[ECF No. 60]**

Before the Court is Plaintiff and Counter-Defendant Performance Designed Products LLC's ("PDP") Motion to Compel Response to Interrogatory No. 4 ("Motion") (ECF No. 60), and Defendant and Counter-Claimant OKYN Holdings, Inc. d/b/a Nyko Technologies' ("Nyko") Opposition ("Opposition") (ECF No. 65). For the reasons set forth below, PDP's Motion is **GRANTED** in part and **DENIED** in part.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In May 2025, PDP filed suit against Nyko, seeking a declaration of non-infringement of four patents (the "Asserted Patents") held by Nyko. (ECF No. 1 at 5-10.) Nyko counterclaimed that PDP's Ultra Slim Charge System for PlayStation 4 infringes the Asserted Patents. (ECF No. 6 at 12-26.)

Discovery commenced. Through Interrogatory No. 3, PDP asked Nyko to identify each product allegedly marked in accordance with 35 U.S.C. § 287(a).[1] (ECF No. 60-2 at 4.) PDP asserts that "[i]n its disclosures pursuant to Patent Local Rule 3.1(g) and in its response to PDP's Interrogatory No. 3, Nyko contends that twelve of its products practice the claimed invention." (ECF No. 60 at 2.)[2] PDP's Interrogatory No. 4 requested the following:

> For each product identified in Nyko's response to PDP's Interrogatory No. 3, and any supplemental responses thereto, describe in detail the factual bases for Your contention that the product practices one or more claims of each Nyko Patent, including by providing a claim chart identifying where each element of each practiced claim is found in the product.

(ECF No. 60-3 at 4.)

Nyko responded to Interrogatory No. 4 under Federal Rule of Civil Procedure 33(d) by listing product manuals, Nyko's website, and product images. (ECF No. 60 at 2; ECF No. 60-3 at 5.) The parties participated in two informal discovery conferences with the Court regarding Nyko's response to Interrogatory No. 4. (ECF No. 60 at 3; ECF Nos. 50, 55.) The discovery dispute was not resolved, and the Court authorized the parties to brief

//

---

[1] The marking of a product as patented generally constitutes a prerequisite to the availability of damages to a patentee in an action for infringement. *See* 35 U.S.C. § 287(a).

[2] In its Opposition, Nyko states that preparing the claim charts would involve "at least 12 products and 4 claims." (ECF No. 65 at 2.) Nyko identifies 12 products in its Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3.1. (ECF No. 60-5 at 6-7.) However, in its response to Interrogatory No. 3 (Exhibit 1 to PDP's Motion), Nyko identified only 11 of its products as compliant with the marking requirement set forth in 35 U.S.C. § 287(a). (ECF No. 60-2 at 5.) The product excluded from the response to Interrogatory No. 3 is apparently the "Charge Base 2 for Playstation®3." (ECF No. 60-5 at 6.)

the matter. (ECF No. 56.) PDP filed the instant Motion. Nyko opposed the Motion. (ECF No. 65.)

On April 28, 2026, the Honorable Ruth Bermudez Montenegro held a Claim Construction Hearing. (ECF Nos. 60, 62.) On August 4, 2026, Judge Montenegro issued a Claim Construction Order. (ECF No. 79.) The Parties agreed to constructions for six claim terms, and the Court construed the following nine disputed claim terms: "docking bay;" "recess;" "mate/mated;" "plurality;" "electrical contact(s)"/"electrical lead(s);" "adapter;" "video game controller;" "intervening portion;" and "connector." (*Id.* at 3.)

## II. PARTIES' ARGUMENTS

PDP argues that the Court should grant its Motion and order Nyko to provide the requested claim charts, because the information sought by Interrogatory No. 4 regarding Nyko's assertion that the products practice one or more claims of each Nyko patent is relevant to questions of infringement, invalidity, marking, profits, and damages. (ECF No. 60 at 4–5 (citing *Apple Inc. v. Wi-LAN Inc.*, No. 14cv2235-DMS (BLM), 2018 WL 733740, at *2-*3 (S.D. Cal. Feb. 6, 2018); *Sonix Tech. Co. Ltd. v. Yoshida*, No. No. 12cv380–CAB (DHB), 2014 WL 11878354, at *3 (S.D. Cal. Dec. 5, 2014)).) Further, PDP contends that "the claim charts requested by Interrogatory No. 4 are the type of information that parties routinely provide in patent cases." (*Id.* at 6.) PDP also asserts that "the basis for a patentee's contention regarding why its own products practice the Asserted Patents is relevant and proportional information when the patentee intends to rely on those products." (*Id.* at 3–4.)

PDP maintains that preparing the claim charts would not pose an undue burden, as Nyko already formulated the factual basis for its contention by evaluating the products at issue in preparing its disclosure pursuant to Patent Local Rule 3.1(g) and its response to Interrogatory No. 3. (*Id.* at 6.) PDP reasons that preparing the requested claim charts should not involve a significant expenditure of time by Nyko, as each of the Asserted Patents shares an "identical specification" and "overlapping claim elements," involving common features such as adapters, leads, contacts, and recesses, while several of the

Asserted Patents also include a base, docking structure, and docking bay. (*Id.*) For instance, PDP asserts that in its infringement contentions, Nyko "copied and pasted the same elements of the Accused Product across multiple limitations for each Asserted Patent." (*Id.* (citing ECF No. 60-5 (Exhibit 4) at 4 at 10–11, 15–16, 19, 24, 29–30 (referring to the same element of the Accused Product as meeting the variations of the "base" limitation in each Asserted Patent); *id.* at 12, 16–17, 19–20, 23, 28 (referring to the same element of the Accused Product as meeting the "connector" and "male DC port" limitations in the Asserted Patents).) Regardless, PDP contends that the fact that preparing the requested claim charts would necessitate an additional investment of time by Nyko does not support undue burden. (*Id.* (citing *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1033 (E.D. Cal. 2010), *order clarified*, No. 1:05–cv–01198–LJO–JMD–HC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010)).)

Acknowledging that the Local Rules for the Southern District of California do not require the production of the requested claim charts, PDP nevertheless maintains the absence of a specific requirement does not mean Nyko need not respond to its discovery request. (*Id.* at 7 (citing *PersonalWeb Techs., LLC v. Google Inc.*, No. C13–01317 EJD (HRL), 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014)).) Moreover, PDP contends that "Nyko does not dispute that the information requested in Interrogatory No. 4 is relevant to several issues, including marking, secondary considerations and lost profits." (*Id.*) PDP also asserts that requiring Nyko to respond to Interrogatory No. 4 only after PDP identifies claim limitations that Nyko's alleged patent-practicing products assertedly do not meet improperly shifts the burden to PDP "to evaluate the patentee's contention and guess at its factual basis." (*Id.*) PDP insists that whether a patentee's products are actually patent-practicing products is a "threshold issue." (*Id.* at 8 (quoting *Apple*, 2018 WL 733740, at *1).)

//

//

//

Nyko counters that it "has not conceded that [the requested] discovery is relevant" and that "it is premature to determine relevance" at this stage. (ECF No. 65 at 2 n.1.)[3] Further, Nyko contends that "PDP's request for detailed claim mapping and claim charts for at least 12 products and 4 claims is not proportional to the needs of this case[.]" (*Id.* at 2.) Nyko also asserts that PDP does not seek the "factual bases" for Nyko's identification of the patented products, but rather Nyko's legal analysis on claim construction. (*Id.* at 4.)

Nyko contends that the images of pages from its website and user manuals provided to PDP are sufficiently responsive to Interrogatory No. 4, as they illustrate how the products operate and which components are included. (*Id.* at 5.) Further, Nyko notes that it offered PDP the opportunity to inspect the patented products, but that PDP did not respond. (*Id.*) Moreover, Nyko contends that because its "infringement claim charts illustrate how [it] maps the asserted claims with PDP's accused product," these charts will "guide PDP in evaluating Nyko's patented products" due to the similarity between the accused product and Nyko's patented products. (*Id.* at 6.) Estimating that preparing 48 claim charts would consume approximately 96 to 144 hours of attorney time, Nyko insists that producing claim charts for the 12 identified products would pose an undue burden by requiring additional photographs, claim mapping, and analysis of claim coverage for each element, followed by the process of "converting that detailed claim mapping into a claim chart." (*Id.* at 6–7 & 6 n.3.) Nyko also emphasizes that the Local Rules for the Southern District of California do not require it to provide the requested claim charts. (*Id.*)

Nyko proposes that "instead of producing information for all the identified products, information for only one or two representative products may well be produced." (*Id.* at 8.)

//

//

[3] At the time the Opposition was filed, Judge Montenegro had not yet ruled on claim construction. A significant part of Nyko's opposition focused on the inefficiency of ordering Nyko to respond to this discovery while the claim construction was still pending.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 33 governs interrogatories to parties and states that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Rule 33 further specifies that

> [a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

*Id.* Thus, "[i]nterrogatories that seek an opposing party's contentions on a topic within the scope of Rule 26(b) are permitted." *Finjan, Inc. v. ESET, LLC*, No. 17CV183 CAB (BGS), 2018 WL 4772124, at *1 (S.D. Cal. Oct. 3, 2018).

On a motion to compel, the moving party bears the burden of demonstrating relevance, proportionality and other Rule 26 requirements. *Shared P'ship v. Meta Platforms, Inc.*, Case No. 22-cv-02366-RS (RMI), 2023 WL 2526645, at *3 (N.D. Cal. Mar. 14, 2023) (citing *Rodriguez v. Barrita*, Inc., No. 09-04057 RS-PSG, 2011 WL 5854397 at *2 (N.D. Cal. Nov. 21, 2011)); *see also Centeno v. City of Fresno*, Case No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) ("Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case."). "[T]he party opposing discovery has the burden of showing that the discovery should be prohibited, and

the burden of clarifying, explaining or supporting its objections. . . . Those opposing discovery are 'required to carry a heavy burden of showing' why discovery should be denied." *Mancini v. Ins. Corp. of New York*, No. 07cv1750–L(NLS), 2009 WL 1765295, at *1 (S.D. Cal. June 18, 2009) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975); *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, *1 (S.D. Cal. Apr. 6, 2007)) (citation omitted).

## IV. DISCUSSION

### A. Sufficiency of Initial Response

Rule 33(d) provides that

> [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> >
> > **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Nyko responded to Interrogatory No. 4 by referencing product manuals, Nyko's website, and product images pursuant to Rule 33(d). Nyko attaches selections from its Rule 33(d) response as exhibits to its Opposition. (ECF No. 60-3 at 5; ECF No. 65-1 at 2.) These exhibits include copies of Nyko webpages (Exhibit 1); user manuals for Nyko's Deluxe Master Pak, Charge Base, and Nyko Charge Base Edge (Exhibits 2–3); a copy of the product package for Charge Block Solo (Exhibit 4); and copies of the product package and rendering of the product package for Charge Base (Exhibit 5). (ECF No. 65-1 at 2.) Nyko asserts that the copy of the webpage (Exhibit 1)

"already shows what Nyko contends to be the claimed 'adapter/dongle,'" that it includes "a connector" and "electrical leads," and that as indicated by the red arrow there is only one "connector" associated with the "adapter" and "electrical leads." (ECF No. 65 at 4–5.) Nyko insists that "PDP certainly does not need any further information to evaluate Nyko's identified products with respect to these elements." Further, Nyko contends that the user manuals provided in Exhibits 2 and 3 "illustrate how its products operate and what components are included." (*Id.* at 5.) Nyko also points out that the copy of the product package attached as Exhibit 4 illustrates that "Nyko's patented dongle is included in the product package" and that the copies of the product package included in Exhibit 5 "illustrat[e] the same." (*Id.* at 5–6 (internal quotation marks omitted).) Nyko fails to explain any further how this information demonstrates the factual bases for its contention that its products practice one or more claims of each Nyko patent. (ECF No. 60-3 at 4.)

Nyko asserts that "PDP does not explain why the information Nyko already provided is not sufficient for [PDP] to at least evaluate Nyko's identification of the patented products." (ECF No. 65 at 4.) However, PDP did not propound Interrogatory No. 4 merely to "evaluate Nyko's identification of the patented products." (*Id.*) Rather, PDP seeks detailed factual bases supporting Nyko's contention that its products practice one or more claims of the Asserted Patents. (ECF No. 60-3 at 4.) Further, courts have granted motions to compel supplemental responses in patent infringement cases where a patentee merely identifies business records under Rule 33(d) in response to contention interrogatories concerning whether the patentee's products practice the asserted patents. *See Apple Inc.*, 2018 WL 733740, at *2–*3 (deeming insufficient a patentee's response under Rule 33(d) to an interrogatory seeking the legal and factual basis for patentee's contention that the product practiced one or more claims of the asserted patents and ordering patentee to provide a supplemental response, explaining that because the interrogatory sought the patentee's contentions, the burden of ascertaining the answer from the documents was not the same for both parties); *Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 15-cv-00700-JLS (NLS), 2016 WL 5107677, at *1, *3–*4 (S.D. Cal. Mar. 2, 2016) (rejecting patentee's

reliance on Rule 33(d) and granting a motion to compel a more complete answer to an interrogatory served by the alleged patent infringer asking patentee to identify how its products embodied the asserted patent limitations, reasoning that patentee was in a better position than the accused infringer to know how its products practiced the asserted patents).

Thus, the Court agrees with PDP that Nyko's response to Interrogatory No. 4 pursuant to Rule 33(d) was inadequate. The question therefore becomes whether the supplemental information sought by PDP is relevant and proportional under Rule 26.

**B. Relevance**

"Relevance for purposes of discovery is defined very broadly." *Mancini*, 2009 WL 1765295, at *1 (S.D. Cal. June 18, 2009) (quoting *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998)). District courts possess "broad discretion" to determine relevance for discovery purposes and to limit discovery. *Sonix Tech. Co. Ltd*, 2014 WL 11878354, at *1.

Here, PDP's Interrogatory No. 4 seeks a detailed description of the "factual bases" for Nyko's contention that the products identified in response to Interrogatory No. 3 practice one or more claims of each Nyko Patent, "including by providing a claim chart identifying where each element of each practiced claim is found in the product." (ECF No. 60-3 at 4.) PDP bears the initial burden of establishing the relevance of the requested information. *Mancini*, 2009 WL 1765295, at *1.

PDP states that Nyko does not dispute the relevance of the requested information. (ECF No. 60 at 7.) However, Nyko "does not believe all the requested information is relevant" and maintains that "it is premature to determine relevance" at this stage. (ECF No. 65 at 2 n.1.) PDP maintains that the information sought in Interrogatory No. 4 regarding whether Nyko's products practice one or more claims of each Nyko patent is relevant to questions of infringement, invalidity, marking, profits, and damages. (ECF No. 60 at 4-5.) Despite professing that it "has not conceded that [the requested] discovery is relevant," (ECF No. 65 at 2 n.1), Nyko does not argue that the information

requested in Interrogatory No. 4 is fundamentally irrelevant. Rather, Nyko focuses its opposition primarily on the timing and the format of a supplemented response.

Nyko identified which of its products practice the asserted claims of the Asserted Patents in its Patent Local Rule 3.1.g. disclosures, thus "preserving the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention." Patent Local Rule 3.1.g.; (*see also* ECF No. 60-5 at 6–7.) The Court finds that the supplemental information sought by PDP in response to Interrogatory No. 4 is relevant.

**C. Proportionality and Undue Burden**

Relevance "is not the end of the inquiry. The Court must consider whether [the requested discovery] is proportional to the needs of the case." *Finjan, Inc.*, 2018 WL 4772124, at *5. As noted above, Federal Rule of Civil Procedure 26(b)(1) permits discovery of relevant, nonprivileged information that is

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 23(b)(1).

PDP contends that information regarding the basis for Nyko's contention that its products practice the Asserted Patents is proportional to the needs of the case as Nyko intends to rely on those products. (*See* ECF No. 60 at 3–4.) Nyko counters that a supplemental response to Interrogatory No. 4 is neither proportional nor necessary where PDP can extrapolate the requested information from the infringement chart provided by Nyko. (ECF No. 65 at 6.) However, Nyko's infringement chart pertains to the alleged infringement of the Accused Product and does not address Nyko's products. "[I]t makes little economic sense for [the accused infringer] to reverse engineer the products in an effort to determine how [the patent holder] claims its own products practice the claims of the

asserted patents." *Blast Motion, Inc.*, 2016 WL 5107677, at *3–4 (granting defendant's motion to compel a further response to an interrogatory asking plaintiff to identify how its products embodied the asserted patent limitations, where "the information [was] uniquely within [plaintiff's] control"); *see also* Fed. R. Civ. P. 26(b)(1) (setting forth "the parties' relative access to relevant information" as a factor relevant to the evaluation of proportionality).

As acknowledged by PDP, Civil Local Rule 3.1 does not mandate production of the requested information, whether in claim chart form or otherwise.[4] However, "the fact that

---

[4] Patent Local Rule 3.1(g) provides as follows:

> Not later than fourteen (14) days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" must contain the following information:
> . . .
> If a party claiming patent infringement asserts or wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim[.]

Patent L.R. 3.1.g. Patent Local Rule 3.2.e requires that

> [w]ith the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying, the following documents in the possession, custody or control of that party . . .
>
> If a party identifies instrumentalities pursuant to Patent L.R. 3.1.g, documents sufficient to show the operation of any aspects

discovery is not explicitly required by the local rules does not mean that a party is excused from responding to a discovery request." *PersonalWeb Techs., LLC v. Google Inc.*, 2014 WL 4088201, at *5; *see also Apple Inc.*, 2018 WL 733740, at *3 (agreeing with *PersonalWeb Techs., LLC* and finding that Local Patent Rule 3.1(g) does not prohibit additional discovery, such as an interrogatory seeking the legal and factual basis for patentee's contention that the identified products practiced the patent claims).

In *Apple*, the alleged patent infringer filed a motion seeking to compel patentee's response to interrogatories that asked patentee to identify all products that allegedly practiced the asserted patent claims and to provide the legal and factual basis for its contention that the identified products practiced the claims. *See Apple Inc.*, 2018 WL 733740, at *1. The discovery request further sought in chart form an identification by patentee of the structures or functionalities in each prototype or product that purportedly met each limitation of each asserted claim. *Id.* Deeming insufficient patent's identification of records pursuant to Rule 33(d), the Court ordered patentee to provide a supplemental response to the contention interrogatory. *Id.* at *2. The Court ordered patentee's response to include identification of "the structures or functionalities in each prototype or product that purportedly [met] each limitation of each such asserted claim." *Id.* at *3. However, the Court agreed with patentee that providing element-by-element claim charts would be unduly burdensome and specified that patentee's supplemental response did not have to be in chart form. *Id.* at *2.

In *Sonix*, the alleged patent infringer served interrogatories on patentee, asking patentee to identify all of its products that practiced the inventions covered by any claim of the asserted patents and for each product identified, to identify all facts relating to how

---

> of elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

Patent L.R. 3.2.e.

each product practices the required elements of each claim of the asserted patents. *Sonix*, 2014 WL 11878354, at *3. Patentee argued that the requested discovery was unduly burdensome, as it required a detailed mapping of 91 claims to each product. *Id.* The Court granted the alleged infringer's motion to compel discovery, but limited patentee's response to the seven patent claims actually asserted by patentee. *Id.* The Court reached this conclusion, even though patentee conceded that it did not rely on its own products, did not assert commercial success, and did not intend to assert a lost profit theory of damages. *Id.* Although the Court determined that "the interrogatories essentially require[d] an extensive detailed mapping," the interrogatories did not specifically request the preparation of claim charts. *Id.*

Here, far from disclaiming reliance on its own products, Nyko identified the 12 products in its Patent Local Rule 3.1 Disclosure of Asserted Claims and Infringement Contentions, thus "preserv[ing] the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention." Patent L.R. 3.1.g. However, the Court finds that providing a supplemental response in chart form would pose an undue burden, particularly where Nyko would be required to prepare 48 claims charts for the 12 products. (ECF No. 60-5 at 4.) *See Apple Inc.*, 2018 WL 733740, at *2; *see also Finjan, Inc*, 2018 WL 4772124, at *5 (holding that parties may seek discovery in chart form even where not specifically authorized by the local rules, but "recogniz[ing] that demanding this level of specificity in a claim chart, particularly the mapping it demands, is a significant burden"; *Blast Motion, Inc.*, 2016 WL 5107677, at *3 (granting defendant's request to compel a further response to its interrogatory pertaining to which disclosures in earlier patent applications supported plaintiff's claim to a priority date for each of the five patents-in-suit, but declining to order plaintiff to prepare its response in chart form). Instead, Nyko must provide a supplemental response to Interrogatory No. 4 that: (a) for each product identified in Nyko's response to Interrogatory No. 3 which Nyko still maintains practices the asserted patents in light of the claim construction order, identifies the Nyko patent(s) and specific claim(s) that Nyko

contends each product practices; and (b) provides a reasonably detailed description identifying the principal product components that correspond to the claims in the Asserted Patents. Nyko may, where appropriate, cross-reference previously produced documents, such as user manuals, product packaging, website materials, and existing claim charts, to illustrate or support its description, but may not rely solely on Rule 33(d) without providing the requested factual explanation.

If it is no longer Nyko's position following issuance of the claim construction order that certain products identified in response to Interrogatory No. 3 practice the asserted patents, Nyko may omit those products from its response to Interrogatory No. 4, provided it explains the basis for the omission.

**V. CONCLUSION**

For the above-stated reasons, PDP's Motion is **GRANTED** in part and **DENIED** in part. On or before fourteen (14) days after the issuance of this Order, Nyko shall serve a supplemental response to Interrogatory No. 4 that: (a) for each product identified in Nyko's response to Interrogatory No. 3 which Nyko still maintains practices the asserted patents in light of the claim construction order, identifies the Nyko patent(s) and specific claim(s) that Nyko contends each product practices; and (b) provides a reasonably detailed description identifying the principal product components that correspond to the claims in the Asserted Patents. Nyko may, where appropriate, cross-reference previously produced documents, such as user manuals, product packaging, website materials, and existing claim charts, to illustrate or support its description, but may not rely solely on Rule 33(d) without providing the requested factual explanation.

//

//

//

//

//

//

To the extent PDP seeks full claim charts responsive to Interrogatory No. 4, PDP's Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge